IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GREGORY MARQUE HILLIE, #87985**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:20-cv-00236-HTW-LGI**

**SHERIFF KELVIN WILLIAMS**                                    **DEFENDANT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation on *Defendant's Motion to Dismiss or, Alternatively, to Revoke Plaintiff's In Forma Pauperis Status* [18]. Plaintiff Gregory Marque Hillie, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983.[1] Several months have passed, and Plaintiff has not filed a response to Defendant's Motion to Dismiss [18]. Having considered the submissions, the record, and relevant law, the undersigned recommends that the Motion to Dismiss [18] be GRANTED. Plaintiff's claims fail to state a claim upon which relief may be granted. Plaintiff's claims are also time-barred and barred by res judicata. In addition, the undersigned recommends Plaintiff's *in forma pauperis* status be revoked in this matter and all other civil actions made while incarcerated arising under 42 U.S.C. § 1983, unless the Plaintiff is under imminent danger or serious injury.

I.   **Relevant Procedural History**

Plaintiff filed suit against Sheriff Kelvin Williams, Attorney General Lynn Fitch, and Superintendent Ronald King on April 2, 2020. *See* Doc. 1. Plaintiff's original claims related to (1)

---

1. Plaintiff improperly used the § 1983 Complaint form for the United States District Court for the Northern District of Mississippi.

his state court criminal proceedings and subsequent conviction, (2) his conditions of confinement while housed at the Bolivar County Regional Correctional Facility ("BCRCF"), and (3) his claim for habeas relief. *Id.* In July 2020, Plaintiff voluntarily dismissed Ronald King as a defendant in this matter. *See* Doc. 10. The Court *sua sponte* dismissed Plaintiff's claims against Attorney General Fitch regarding his conviction and sentence as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and prosecutorial immunity. *See* Doc. 11. This Court further dismissed Plaintiff's habeas claims so he could pursue those claims in his pending habeas case, *Hillie v. Webster*, No. 3:20-cv-103-HTW-RHW. *Id.* Plaintiff's sole remaining claim is against Sheriff Kelvin Williams for alleged inadequate conditions of confinement. Specifically, Plaintiff claims he was denied physical therapy while housed at BCRCF. On August 26, 2020, this Court ordered that Sheriff Williams be served with process, and he was served on September 21, 2020. *See* Doc. 14 and 15.

In the instant Motion, Defendant Sheriff Kelvin Williams moves to dismiss Plaintiff Gregory Marque Hillie's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant also asserts Plaintiff's claims are time-barred under the applicable statute of limitations and barred by res judicata. Finally, the Defendant moves for Plaintiff's *in forma pauperis* status to be revoked for violation of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g)).

**II.     Standards**

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss test the sufficiency of a complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991). To survive a motion to dismiss, plaintiffs are required to demonstrate "a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.,* 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court in *Iqbal* established a two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true.").

**III.    Analysis**

    **A. Failure to State a Claim upon which Relief may be Granted**

Plaintiff's Complaint does not specify if Sheriff Williams is sued in his individual and/or official capacity. If Sheriff Williams is sued in his official capacity, the §1983 framework that applies to the claims would require Plaintiff show (1) a constitutional violation that (2) was caused by an unconstitutional policy or custom of the County. *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008). For there to be personal liability against Sheriff Williams, the Plaintiff must

overcome the qualified-immunity defense, requiring plaintiff too show that (1) Sheriff Williams violated the Constitution or federal law and (2) that his actions were objectively unreasonable under clearly established law. *See, e.g., Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005).

Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim against Sheriff Williams in his individual or official capacity upon which relief can be granted.

Plaintiff has not asserted that Sheriff Williams was personally involved in any of the alleged constitutional deprivations and has not alleged that Sheriff Williams implemented any unconstitutional policies. Furthermore, Plaintiff has not alleged any general condition or practice of failing to provide physical therapy. *See Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009) (A valid conditions of confinement claim "attacks the general conditions, practices, rules, or restrictions of pretrial confinement."). At most, Plaintiff has pled only "isolated instances of inadequate medical care" which the Fifth Circuit has clearly explained is insufficient. *Id.* at 455. Plaintiff's claim against Sheriff Williams in his individual capacity should be dismissed.

Moreover, Hillie's claim against Sheriff Williams in his official capacity fails because Plaintiff cannot demonstrate a constitutional violation. Even if Plaintiff could demonstrate a constitutional violation, Sheriff Williams is entitled to qualified immunity. "The Plaintiff bears the burden of proving that a government official is not entitled to qualified immunity." *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005). The Fifth Circuit emphasizes that qualified immunity "'represents the norm, and courts should deny a defendant immunity only in rare circumstances.'" *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (citation omitted). Plaintiff's claim against Sheriff

Williams in his official capacity should be dismissed.

Liberally construing the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss). Thus, the undersigned recommends Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

### B. Statute of Limitations

Plaintiff's § 1983 claims accrued more than three years prior to Plaintiff filing the present action and are time-barred. For claims made pursuant to 42 U.S.C. § 1983, the limitations period is governed by the law of the state in which the action is filed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir.1 992).

To determine the applicable statute of limitations, "federal courts borrow the forum state's general or residual personal injury limitations period." *Rodriguez*, 963 F.2d at 803. For § 1983 cases brought in Mississippi, the three-year statute of limitations enumerated in Miss. Code Ann. § 15-1-49 applies. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases).

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state

law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). An action accrues when a plaintiff has "a complete and present cause of action." *Id.* Because Mississippi has a three-year statute of limitations for personal injury claims, Plaintiff had three years to file suit from the date his claim accrued. The events giving rise to his claims accrued in August 2015 when Sheriff Williams' first allegedly denied Plaintiff physical therapy. *See* Doc. 1 at 5. Plaintiff filed this lawsuit in April 2020, nearly five years later.

Plaintiff's § 1983 claims against Sheriff Kelvin Williams are therefore time-barred and should be properly dismissed as frivolous. *See, e.g., Ramon v. Rodriguez-Mendoza*, 372 F. App'x 494, 495 (5th Cir. 2010) (finding prisoner case barred by statute of limitations without arguable merit and frivolous).

### C.  Res Judicata

Plaintiff's claims are also barred by res judicata. "Federal law determines the res judicata effect of a prior federal court judgment." *Rocha v. Tex. Alcoholic Beverage Comm'n*, 38 F.3d 570 (5th Cir. 1994). The federal common law of claim preclusion bars claims that have been litigated in an earlier suit. *Donley v. Hudsons Salvage*, L.L.C., 517 F. App'x 216, 221 (5th Cir. 2013).

> The test for claim preclusion has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the same action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. . . . When all four elements are present, claim preclusion prohibits a litigant from asserting any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action.

*Id.* (quoting *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

Plaintiff's remaining inadequate confinement conditions claim meets all four of the claim preclusion requirements. Plaintiff claims Sheriff Williams' denial of physical therapy occurred

from "8/10/2015 thru [sic] 12/10/2019." *See* Doc. 1 at 5. In May 2017, Gregory Marque Hillie filed a lawsuit in the United States District Court for the Northern District of Mississippi against Sheriff Williams alleging he was denied "physical therapy since 8/10/2015" while housed in BCRCF. *See Hillie v. Williams, et al.*, No. 4:17-cv-00069-DMB-DAS [Doc. 1]. The Court granted Plaintiff Sheriff Williams' summary judgment motion and dismissed Plaintiff's claim for inadequate medical treatment with prejudice, finding there was no evidence that anyone acted with deliberate indifference to Plaintiff's medical needs, and Plaintiff could not show that Sheriff Williams was responsible for the violation so as to trigger liability. *Id.* at [Doc. 52].

The first element is met because the parties are identical in the former and present matters. Gregory Marque Hillie sued Sheriff Kelvin Williams in his 2017 Complaint filed in the Northern District of Mississippi and the 2020 Complaint filed in this matter.

The second claim preclusion element is satisfied because a court of competent jurisdiction rendered the final judgment in the 2017 case. The United States District Court for the Northern District of Mississippi held proper jurisdiction over Plaintiff's § 1983 case filed in 2017. The two cases arise out of alleged actions that occurred while Plaintiff was housed at BCRCF, a facility located in the Northern District of Mississippi. Plaintiff filed the 2017 Complaint while he resided at BCRCF. Then, Plaintiff filed the instant 2020 Complaint in the United States District Court for the Southern District of Mississippi once he was relocated to the Central Mississippi Correctional Facility. Therefore, the Northern District Court had proper jurisdiction over Plaintiff's 2017 § 1983 claims and this Court has proper jurisdiction over Plaintiff's present § 1983 claim.

The Northern District Court's grant of Sheriff William's summary judgment motion and subsequent issuance of a final judgment on the merits satisfies the third element of the claim preclusion requirements.

Finally, the fourth claim preclusion element is met because the Plaintiff filed the same § 1983 inadequate confinement conditions claim for alleged denial of physical therapy in both cases.

The test for claim preclusion is satisfied by a showing that all four elements have been met. Therefore, Plaintiff's Gregory Marque Hillie's third amended complaint should be dismissed as barred by res judicata.

### D. *In Forma Pauperis* Status

Plaintiffs *in forma pauperis* status should be revoked for violation of the three strikes rule. Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

Plaintiff has accumulated nine (9) "strikes" under 28 U.S.C. § 1915(g).[2] Plaintiff has

---

2. (1) *Hillie v. Miss. Dep't of Corr.*, No. 4:08-cv-00070-SA-DAS, Order, Doc. No. 12 (N.D. Miss. Mar. 6, 2009) (dismissing case for failure to state a claim); (2) *Hillie v. Webster*, No. 4:17-cv-00070-DMB-RP, Order, Doc. No. 15 (N.D. Miss. Mar. 27, 2018) (granting defendants' motion to dismiss for failure to state a claim); (3) *Hillie v. Williams*, No. 4:17-cv-135-DMB-JMV, Order, Doc. No. 15 (N.D. Miss. Apr. 24, 2018) (dismissing for same reasons as No. 4:17-cv-00070-DMB-RP); (4) *Hillie v. Graham*, No. 4:17-cv-00180-DMB-DAS, Final Judgment, Doc. No. 10 (N.D. Miss. Oct. 11, 2018) (dismissing petition for failure to state a claim); (5) *Hillie v. Williams*, No. 4:17-cv-00181-SA-DAS, Final Judgment, Doc. No. 6 (N.D. Miss. Apr. 13, 2018) (dismissing writ of habeas corpus for failure to state a claim); (6) *Hillie v. Powell*, No. 4:17-cv-00182-MPM-RP, Final Judgment and Memorandum Opinion, Doc. Nos. 4 & 5 (N.D. Miss. Apr. 19, 2018)

clearly abused his *in forma pauperis* privileges and his *in forma pauperis* status should be revoked.

## IV.     Recommendation

*Defendant's Motion to Dismiss or, Alternatively, to Revoke Plaintiff's In Forma Pauperis Status* [18] should be GRANTED. Plaintiff's claims are time barred, barred by res judicata, and fail to state a claim upon which relief may be granted. Dismissal should count as a "strike" under the "three strikes rule" in accordance with the PLRA. *See* 28 U.S.C. § 1915(g). Plaintiff's *in forma pauperis* status should therefore be revoked in this matter and all other civil actions made while incarcerated arising under 42 U.S.C. § 1983, unless the Plaintiff is under imminent danger or serious injury.

### Notice of Right to Appeal/Object

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed

---

(dismissing writ of habeas corpus for failure to state a claim and noting Hillie's numerous incoherent and frivolous filings and requiring him to show cause why he should not be barred from future challenges to his pretrial detention); (7) *Hillie v. Supreme Court Federal*, No. 4:17-cv-00183-GHD-JMV, Final Judgment, Doc. No. 5 (N.D. Miss. Apr. 11, 2018) (dismissing case for failure to state a claim); (8) *Hillie v. Webster*, No. 4:17-cv-00184-DMB-RP, Order adopting Report and Recommendations, Doc. No. 13 (N.D. Miss. Mar. 21, 2019) (dismissing writ of habeas corpus for failure to state a claim); (9) *Hillie v. Brown*, No. 4:18-cv-00012-SA-DAS, Final Judgment, Doc. No. 6 (N.D. Miss. Apr. 13, 2018) (dismissing writ of habeas corpus for failure to state a claim).

findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 13th day of August, 2021.

      /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE